UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BYRON KEITH RED KETTLE, a/k/a BYRON K. RED KETTLE, Petitioner, vs. UNITED STATES OF AMERICA and ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA. Respondents. | 5:17-CV-05039-KES ORDER DISMISSING CASE |

Plaintiff, Byron Keith Red Kettle, is an inmate housed by the Nebraska Department of Corrections in Omaha, Nebraska. Red Kettle filed an objection (Docket 7) to Magistrate Judge Duffy's Order for Service (Docket 6). Red Kettle disputes his motion not being construed as a motion under 28 U.S.C. § 2255. Docket 7. Red Kettle also asks for the assistance of counsel. *Id.* For the following reasons, the court grants Red Kettle's objection, denies his request for the appointment of counsel, and dismisses his motion.

**BACKGROUND**

Red Kettle robbed a convenience store in Box Elder, South Dakota, on September 30, 1987, and kidnapped the store clerk. He fled to Sheridan County, Nebraska, where he sexually assaulted the clerk. The clerk later escaped and Red Kettle was arrested. While in custody at the Pennington County Jail in Rapid City, South Dakota, under federal kidnapping charges, he

attacked a correctional officer in an attempt to escape. Red Kettle was prosecuted by three different jurisdictions.

In United States District Court, District of South Dakota, Red Kettle pleaded guilty to kidnapping as well as assaulting a federal officer. On April 1, 1988, he received a life sentence on the kidnapping charge, and on August 24, 1988, he was sentenced to 92 months in prison on the assault charge. The assault sentence was ordered to be served consecutively to the kidnapping sentence. *See United States v. Red Kettle*, CR. 87-50067-RHB and CR. 88-50014-RHB (D.S.D.).

In South Dakota state court, Red Kettle pleaded guilty to kidnapping and assault and was sentenced to life in prison on the kidnapping charge and 30 years in prison on the assault charge. After an appeal, both sentences were ordered to run concurrent to the corresponding federal sentence. *See State v. Red Kettle*, 452 N.W.2d 774 (S.D. 1990).

In Nebraska state court, Red Kettle was convicted by a jury of first degree sexual assault, operating a motor vehicle to avoid arrest, and receiving or retaining stolen property. On May 15, 1990, Red Kettle was sentenced to 15 to 25 years on the sexual assault charge. On the other two charges, Red Kettle was sentenced to 1-3 years each, to be served consecutive to the sexual assault sentence and concurrent with each other. *See State v. Red Kettle*, 476 N.W.2d 220 (Neb. 1991).

On June 13, 2009, Red Kettle was released from federal custody and began serving his Nebraska state sentence. *See Red Kettle v. United States*,

2

CIV. 8:11CV264 (D. Neb. 2012) at Docket 12. Currently, he is in the custody of Nebraska authorities.

Following his conviction, Red Kettle filed numerous actions in federal court including motions for relief under 28 U.S.C. § 2241, 28 U.S.C. § 2254, and 28 U.S.C. § 2255. *See* CIV. 06-5094, 08-5075, 08-5035, 09-5105 (D.S.D.); CIV. 08-2029 (D. La.); CIV. 04-257 (D. Colo); and CIV. 11-264 and 13-171 (D. Neb).

**DISCUSSION**

**1. Red Kettle's Objection**

"A document filed pro se is 'to be liberally construed.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Liberally construed, Red Kettle's objection (Docket 7) clarifies his desire to challenge his federal sentence under 28 U.S.C. § 2255. *Id.* Section 2255 allows "a prisoner in custody under a sentence" of a federal court to attack that sentence. 28 U.S.C. § 2255. A prisoner is in custody for the purpose of 28 U.S.C. § 2255 when incarcerated in either federal or state prison, provided that a federal court has sentenced the prisoner and the prisoner remains subject to future custody under that sentence. *See Jackson v. United States*, 423 F.2d 1146 (8th Cir. 1970). And Rule 1(b) of the Rules Governing Section 2255 Proceedings allows a prisoner held in state custody to bring a motion under § 2255 to attack a federal sentence.

On April 1, 1988, Red Kettle received a life sentence for kidnapping in United States District Court in the District of South Dakota. *See United States*

*v. Red Kettle*, CR. 87-50067. Despite being released from federal custody on June 13, 2009, Red Kettle remains subject to his federal sentence for kidnapping. The Nebraska state court sentence is 15 to 20 years, to be served consecutive to any federal or South Dakota sentence, and 1 to 3 years, to be served consecutive to the 15-20 year sentence. *See State v. Red Kettle*, 476 N.W.2d 220 (Neb. 1991). Therefore, Red Kettle is in custody for the purpose of 28 U.S.C. § 2255 and the court will construe his motion as a § 2255 motion.

**2. Preliminary Review**

Rule 4 of the Rules Governing Section 2255 Proceedings requires the court to conduct a preliminary review of the motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. § 2255, Rule 4. This court conducted a preliminary review and finds that Red Kettle's motion is time barred and that he lacks permission from the Eighth Circuit Court of Appeals to file a successive § 2255 motion.

Motions under § 2255 are subject to a one-year statute of limitation that runs from the latest of four specified dates. *See* 28 U.S.C. § 2255(f). Only one date is relevant here, which is "the date on which the judgment of conviction becomes final." *Id.* A judgment is deemed final "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed [or a petition for certiorari finally denied. . . ]." *United States v. Johnson*, 457 U.S. 537, 543, n.8 (1982) (citation

omitted); *see also Clay v. United States*, 537 U.S. 522, 527 (2003) (for the purpose of starting §2255's one-year limitation period, "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The time for filing a petition for certiorari is 90 days after entry of the court of appeals judgment. *Clay*, 537 U.S. at 525.

In the instant case, Red Kettle's federal judgment of conviction became final on April 1, 1988. *See United States v. Red Kettle*, CR. 87-50067-RHB. More than one year has passed since the date his judgment of conviction became final. Furthermore, Red Kettle has not alleged that he was prevented from filing a motion, that a new right has been recognized, or that there was evidence which could not have been discovered until recently. Thus, Red Kettle's motion is time barred unless the court finds that there was newly discovered evidence that would establish Red Kettle's innocence by clear and convincing evidence or that the Supreme Court has recognized a new right and determined that it is retroactive. *See* 28 U.S.C. § 2255.

In his Objection to Magistrate Order, Red Kettle asks this court to take notice of *United States v. Detwiler*, 338 F. Supp. 2d 1166 (D.Or. 2004), a District of Oregon case holding that the Feeney Amendment to the Federal Sentencing Guidelines unconstitutionally interfered with the separation of powers. Docket 7 at p. 3. Even if this court accepted the holding of *Detwiler*, Red Kettle was sentenced before the enactment of the Feeney Amendment in 2003. *See* PROTECT Act, Pub. L. No. 108-21 § 401, 117 Stat. 650, 667 (2003).

Therefore, *Detwiler* fails to save Red Kettle's motion.

Additionally, § 2255(h) provides that "[a] second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals . . . ." Red Kettle has filed three previous habeas motions in the District of South Dakota. *See* CIV. 06-5094, 08-5075, 08-5035, 09-5105 (D.S.D.). And Red Kettle has not received this required certification. As a result, Red Kettle's § 2255 motion is successive and the court may not entertain the motion on its merits.

And if Red Kettle intended to challenge his state of South Dakota sentence under 28 U.S.C. § 2254, Red Kettle's § 2254 petition is denied. A federal court may not consider a claim for relief in a habeas corpus petition if the petitioner has not exhausted his state remedies. *See* 28 U.S.C. § 2254(b) and (c). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Red Kettle failed to demonstrate that the issues he now raises have been exhausted in state court. If a petitioner does not exhaust his remedies in state court, then he must show "cause and prejudice" or a "fundamental miscarriage of justice" to qualify for an exemption to exhaustion. *Murray v. Carrier*, 477 U.S. 478, 785 (1986) (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)). Red Kettle has not demonstrated "cause and prejudice" or a "fundamental miscarriage of justice." As a result, Red Kettle's § 2254 motion is denied.

### *3.* **Counsel**

Red Kettle asks for the assistance of counsel. Docket 7. It is well settled that "[a] habeas corpus proceeding is civil in nature, and 'the Sixth Amendment right to counsel afforded for criminal proceedings does not apply.' " *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citing *Boyd v. Groose*, 4 F.3d 669, 671 (8th Cir. 1993)). Because Red Kettle has no constitutional right to appointment of counsel in his habeas proceeding (*see Phelps v. U.S. Fed. Gov't*, 15 F.3d 735, 737 (8th Cir. 1994)), the court has discretion to determine whether to appoint counsel. *Sullivan v. Lockhart*, 958 F.2d 823, 826 (8th Cir. 1992) (citing *Ferguson v. Jones*, 905 F.2d 211, 213-14 (8th Cir. 1990)). Refusal by the court to appoint counsel to assist petitioner in presenting a federal habeas motion does not violate petitioner's constitutional rights. *Hull v. Swenson*, 431 F.2d 1194, 1195 (8th Cir. 1970). Red Kettle is not entitled to appointment of counsel to assist him in pursuing federal habeas relief. Red Kettle appeared capable of presenting and articulating his claim to this court. Thus, this court finds that it is not in the interests of justice to appoint counsel to assist Red Kettle.

### **CERTIFICATE OF APPEALABILITY**

Before denial of a § 2255 motion may be appealed, a movant must first obtain a certificate of appealability from the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Red Kettle has not made a substantial showing that the district court's assessments of his claims are debatable or wrong. Consequently, a certificate of appealability is not issued.

Thus, it is

ORDERED that Red Kettle's motion shall be construed as a motion under 28 U.S.C. § 2255;

IT IS FURTHER ORDERED that Red Kettle's motion under 28 U.S.C. § 2255 (Docket 1) is dismissed;

IT IS FURTHER ORDERED that Red Kettle's motion for the appointment of counsel (Docket 7) is denied.

IT IS FURTHER ORDERED that a certificate of appealability is not issued.

IT IS FURTHER ORDERED that Red Kettle's Motion for Judicial Notice (Docket 4) is denied as moot.

IT IS FURTHER ORDERED that Attorney General of the State of South Dakota's Motion to Dismiss (Docket 8) is granted.

DATED this 16th day of October, 2017.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE